IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| **WELLS FARGO BANK, N.A.,** § | |
| § | |
| *Plaintiff*, § | |
| § | Civil Action No. |
| v. § | |
| § | |
| **AQUINAS BUILDING SUPPLY, LLC,** § | |
| **AQUINAS HOLDINGS, LLC,** § | |
| **MICHELLE H. LYON, and JEFFREY S.** § | |
| **LYON,** § | |
| § | |
| *Defendants*. § | |

## ORIGINAL COMPLAINT

Wells Fargo Bank, N.A. ("Wells Fargo") files this *Original Complaint* (the "Complaint") against defendants (1) Aquinas Building Supply, LLC, (2) Aquinas Holdings, LLC, (3) Michelle H. Lyon, and (4) Jeffrey S. Lyon (collectively, "Defendants"), and alleges as follows:

### Parties

1.  Plaintiff Wells Fargo is a national banking association with its main office located in South Dakota.

2.  Defendant Aquinas Building Supply, LLC ("Aquinas Building") is a limited liability company organized under the laws of the State of Texas. Its members are defendants Michelle H. Lyon and Jeffrey S. Lyon, who are domiciliaries and citizens of Louisiana. Defendant Aquinas Building may be served through its registered agent Adam T. Uszynski at 111 S. Main, Victoria, Texas 77901 or wherever he may be found.

3.  Defendant Aquinas Holdings, LLC ("Aquinas Holdings") is a limited liability company organized under the laws of the State of Texas. Its members are defendants Michelle H. Lyon and Jeffrey S. Lyon, who are domiciliaries and citizens of Louisiana. Defendant Aquinas

Holdings may be served through its registered agent Adam T. Uszynski at 111 S. Main, Victoria, Texas 77901 or wherever he may be found.

4. Defendant Michelle H. Lyon ("Michelle") is an individual and a citizen of the State of Louisiana who may be served with process at 47 S. Lark St., New Orleans, Louisiana 70124 or wherever she may be found.

5. Defendant Jeffrey S. Lyon ("Jeffrey") is an individual and a citizen of the State of Louisiana who may be served with process at 47 S. Lark St., New Orleans, Louisiana 70124 or wherever he may be found.

## Jurisdiction

6. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because plaintiff and defendants are citizens of different U.S. states and the amount in controversy exceeds $75,000, excluding interest and costs.

7. All Defendants are citizens of Louisiana. Defendants Aquinas Building and Aquinas Holdings are Texas limited liability companies for which all members are citizens of Louisiana. Thus, both entities are citizens of Louisiana. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of a LLC is determined by the citizenship of all of its members."). No Defendants are citizens of South Dakota.

8. Plaintiff Wells Fargo is a national banking association with its main office located in South Dakota, and is therefore a citizen of South Dakota. *See* 28 U.S.C. § 1332(c)(1), (d); *see also Wells Fargo Practice Fin. v. Hillcrest Dental Associates, PLLC*, No. 3:11-CV-3316-G, 2012 WL 946956, at *1 (N.D. Tex. Mar. 20, 2012) ("Under Wachovia, Wells Fargo is a citizen of South Dakota."). Wells Fargo is not a citizen of Louisiana.

9. The amount due and owing from the Defendants to Wells Fargo exceeds $1,087,681.17.

**Venue**

10. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. See 28 U.S.C. § 1391(b)(2).

**Facts**

11. On July 20, 2017, Aquinas Building and Aquinas Holdings ("Borrowers") executed that certain *Promissory Note* (the "Note") evidencing a loan from Plaintiff to Borrowers in the initial principal amount of $1,481,600.00 (the "Indebtedness"), due and payable with interest in regular monthly installments as further described in the Note. *See* Exhibit A.

12. The Note provides that events of default included when Borrowers "[fail] to make any payment when due under [the] Note." The Note further provides that upon the occurrence of an event of default, Plaintiff has the absolute right to accelerate the remaining indebtedness plus all accrued interest and other applicable fees and charges. Exhibit A, p. 1–2.

13. Also on July 20, 2017, Aquinas Holdings executed a certain *Deed of Trust* ("Deed of Trust") in which Aquinas Holdings granted Plaintiff a lien and security interest in the real property commonly known as 5303 Houston Highway, Victoria, Texas 77901 (the "Property"). *See* Exhibit B.

14. Aquinas Building executed a certain *Commercial Security Agreement* ("Security Agreement") in which Aquinas Building granted Plaintiff a lien and security interest in all its inventory, chattel paper, accounts, equipment, general intangibles, and six (6) specific motor vehicles. *See* Exhibit C.

15. On the same day, Defendants Michelle and Jeffrey ("Guarantors") each signed a certain *Commercial Guaranty* (collectively the "2017 Guaranties") in which they provided an

absolute and unconditional primary guaranty of Borrowers' repayment and performance under the Note.  *See* Exhibit D.

16. On July 17, 2017, Guarantors executed a *Mortgage* agreement ("Mortgage") whereby Guarantors granted Plaintiff a third lien mortgage on Guarantors residence commonly known as 47 S. Lark St., New Orleans, Louisiana 70124.  *See* Exhibit E.

17. On December 6, 2017, Plaintiff and Borrowers executed a *Modification Agreement* ("2017 Modification") in which Plaintiff agreed, *inter alia*, to defer the November 15, 2017, December 15, 2017, and January 15, 2018 payments due under the Note, with the remaining payments to be adjusted so the outstanding principal balance would fully amortize over the remaining term of the Note.  *See* Exhibit F.

18. On March 6, 2018, Defendants Michelle and Jeffrey signed additional *Commercial Guaranty* agreements (collectively the "2018 Guaranties") in which they provided an absolute and unconditional primary guaranty of Borrowers' repayment and performance under the Note.  *See* Exhibit G.

19. On June 16, 2021, Borrower Aquinas Holdings also executed a certain *Commercial Guaranty* ("Aquinas Guaranty") in which it provided an absolute and unconditional primary guaranty of Borrowers' repayment and performance under the Note.  *See* Exhibit H.  Defendants Michelle and Jeffrey again signed additional *Commercial Guaranty* agreements (collectively the "2021 Guaranties" and together with the 2017 Guaranties, the 2018 Guaranties, and the Aquinas Guaranty the "Guaranties") in which they provided an absolute and unconditional primary guaranty of Borrowers' repayment and performance under the Note.  *See* Exhibit I.

20. On July 22, 2021, Plaintiff and Borrowers executed a second *Modification Agreement* ("2021 Modification" and collectively with the Note, Deed of Trust, Security

Agreement, Mortgage, and 2017 Modification, the "Loan Documents") in which Plaintiff agreed to reduce the interest rate of the Note to 5.10%.  *See* Exhibit J.

21. Beginning in December 2023, Borrower stopped making payments when due under the Loan Documents.

22. On January 4, 2024, Plaintiff sent a notice of default letter ("First Notice of Default") to Defendants in which Plaintiff notified Defendants of the outstanding amounts due under the Loan Documents, demanded payment, and required strict compliance with the terms of the Loan Documents going forward.  *See* Exhibit K.

23. On April 5, 2024, after Borrowers failed to cure the prior defaults and additional monthly payments became overdue, Plaintiff sent a second notice of default letter ("Second Notice of Default") to Defendants in which Plaintiff notified Defendants of the current outstanding amounts due under the Loan Documents, demanded payment, and required strict compliance with the terms of the Loan Documents going forward.  *See* Exhibit L.

24. On April 18, 2024, after Borrowers failed to cure the default, Plaintiff sent a notice of default, notice of acceleration, and demand for payment ("Third Notice of Default") to Defendants in which Plaintiff demanded that each or any Defendant pay all outstanding amounts due under the Loan Documents within fifteen (15) days.  *See* Exhibit M.

25. On June 7, 2024, after Borrowers' defaults continued, Plaintiff's counsel sent a *Notice of Default and Notice of Intent to Accelerate and to Pursue Remedies* ("Fourth Notice of Default") to all Defendants in which Plaintiff notified Defendants of the then outstanding amounts past due under the Loan Documents (the "Payment Defaults"), demanded payment within ten (10) days, and notified Defendants of Plaintiff's intent to accelerate all remaining amounts due under the Note in full if such payment was not timely made.  *See* Exhibit N.

26. On June 25, 2024, after Borrowers failed to cure the Payment Defaults, Plaintiff's counsel sent a *Notice of Acceleration and Notice of Intent to Foreclose* ("Notice of Acceleration") to all Defendants in which Plaintiff notified Defendants that the outstanding amounts under the Note had been accelerated and were immediately due and owing in full. Further, the Notice of Acceleration notified the Borrowers that Plaintiff intended to exercise its rights and remedies, including without limitation Plaintiff's right to pursue judgment and foreclose on its collateral. *See* Exhibit O.

27. On June 25, 2024, the outstanding amounts under the Note totaled $1,087,681.17 in principal, recoverable costs, late fees, and accrued interest as of June 24, 2024, plus $141.68 in additional interest accruing per diem thereafter.

28. Accordingly, as of the date of the filing of this Complaint, Borrowers are in default under the Loan Documents for the failure to make payments as and when due and, as such, each Defendant is jointly and severally liable for all amounts due and owing under the Loan Documents.

## Count 1 – Breach of Contract against Borrowers

29. The allegations of Paragraphs 1 - 28 are incorporated herein as if restated in full.

30. Valid, enforceable contracts exist by and between Plaintiff and Borrowers, namely, the Loan Documents.

31. Plaintiff has fully performed or tendered performance of all conditions precedent, including but not limited to when Plaintiff loaned Borrowers $1,481,600.00 pursuant to the Note.

32. Borrowers breached the Loan Documents by failing to make full payment of the outstanding indebtedness as and when due.

33. Borrowers' breach caused injury to Plaintiff, including but not limited to unpaid amounts due and owing under the Loan Documents for which Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

### Count 2 – Breach of Guaranty against Guarantors

34. The allegations of Paragraphs 1 - 28 are incorporated herein as if restated in full.

35. The Guaranties are valid and enforceable contracts of Guarantors and Aquinas Holdings in favor of Plaintiff as the owner of and proper party payee under the Guaranties.

36. In the Guaranties, Guarantors and Aquinas Holdings agreed to pay, upon demand, all of Borrowers' indebtedness due and owing unto Plaintiff.

37. The Payment Defaults constituted defaults under the Loan Documents, pursuant to which Plaintiff accelerated all amounts outstanding under the Loan Documents.

38. Plaintiff has made demand upon Guarantors and Aquinas Holdings for their promised payment under the Guaranties. Guarantors and Aquinas Holdings have repeatedly failed to make full payment of the outstanding indebtedness under the Loan Documents upon demand and thus, have breached the Guaranties.

39. This breach by Guarantors and Aquinas Holdings has caused injury to Plaintiff, including but not limited to the unpaid amounts due and owing under the Loan Documents for which Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

### Foreclosure of Security Interest

40. Plaintiff intends to foreclose its security interest in the inventory, chattel paper, accounts, equipment, general intangibles, and six (6) specific motor vehicles belonging to Aquinas Building as evidenced by the Security Agreement. The Security Agreement secures the payment of the monetary obligations due from Borrowers to Plaintiff pursuant to the Loan Documents.

41. Plaintiff further intends to foreclose its security interest in the Property belonging to Aquinas Holdings as evidenced by the Deed of Trust. The Deed of Trust secures the payment of the monetary obligations due from Borrowers to Plaintiff pursuant to the Loan Documents.

42. The amount that is due and unsatisfied as a result of Defendants' failure to make timely payments in accordance with the terms of the Note is now in excess of $1,087,681.17, as detailed above.

## Attorney's Fees

43. Plaintiff is entitled to recover its reasonable and necessary attorney's fees from each Defendant under Texas Civil Practice & Remedies Code §§ 38.001 et seq. because this is a suit for breach of a written contract. Plaintiff presented its claim to Defendants and has retained counsel to enforce the Loan Documents given Defendants' default. Defendants did not tender the amount owed within 30 days after the claim was presented.

44. Additionally, Plaintiff is entitled to recover its reasonable and necessary attorney's fees from Borrowers as provided in the Loan Documents[1] and from Guarantors and Aquinas Holdings, as provided in the Guaranties.[2]

## Conclusion & Prayer

For these reasons, Plaintiff Wells Fargo asks that the Court issue citation for each of Defendants (1) Aquinas Building Supply, LLC, (2) Aquinas Holdings, LLC, (3) Michelle H. Lyon, and (4) Jeffrey S. Lyon to appear and answer, and that Plaintiff Wells Fargo be awarded a judgment against each Defendant, jointly and severally, for the following:

a. Actual damages;

b. Pre-judgment interest;

c. Post-judgment interest;

d. Court costs;

e. Attorney's fees; and

---

[1] *See* Exhibit A, p. 2.
[2] *See* Exhibit C, p.2; Exhibit E, p. 2; Exhibit F, p. 2; Exhibit G, p.2.

 f. All other relief to which Plaintiff Wells Fargo is entitled.

Submitted this 6th day of August, 2024.

 Respectfully submitted,

 **ADAMS AND REESE LLP**

 By: */s/ Emory C. Powers*
  Adam McNeil
  Attorney-in-Charge
  Texas Bar No.: 24113306
  SDTX No.: 3450873
  Emory Powers
  Texas Bar No.: 24131597
  SDTX No.: 3826647
  LyondellBasell Tower
  1221 McKinney, Suite 4400
  Houston, TX 77010
  Telephone: (713) 652-5151
  adam.mcneil@arlaw.com
  emory.powers@arlaw.com

 ***Attorneys for Wells Fargo Bank, N.A.***